# SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

This Confidential Settlement and Mutual General Release Agreement (the "Agreement") is made and entered into by and between  Edgar Leonel Tercero ("Plaintiff") and Southern Landworx, Inc. and Frank J. Gonzalez ("Defendants").

**WHEREAS,** Plaintiff caused to be filed a lawsuit against Defendants in the United States District Court for the Southern District of Florida, styled as *Edgar Leonel Tercero v. Southern Landworx, Inc. and Frank J. Gonzalez.,* Case No. 15-cv-22883-UNGARO ("Litigation"), alleging violations of the Fair Labor Standards Act ("FLSA"); and

**WHEREAS,** Defendant denies all of the allegations contained in the Litigation; and

**WHEREAS,** to avoid the uncertainties and expense of further litigation, the Parties wish to settle all claims and potential claims between them regarding Plaintiff's wages, compensation, remuneration, or other payments received from Defendants, including the claims made in the Litigation.

**NOW THEREFORE,** in consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1.   **Mutual General Release.**  In consideration for the promises contained in this Agreement, the Plaintiff and Defendants (collectively, the "Parties") unconditionally release and discharge each other from any and all claims, demands, liabilities, and causes of action of any kind or nature (statutory, contractual, common law, or otherwise), whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against each other including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with, Plaintiff's employment with, or the separation of Plaintiff's employment with Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff or Defendants resulting from any act or omission committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);
- The Americans with Disabilities Act of 1990;
- The Rehabilitation Act of 1973;

___ Edgar Leonel Tercero

1 of 7

FJG Southern Landworx, Inc.
FJG Frank J. Gonzalez

- The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
- The Occupational Safety and Health Act;
- Florida Statue Section §448.102;
- Florida Statute Section §448.110;
- Article X of the Florida Constitution;
- Chapter 760, Florida Statutes;
- The Florida Private Whistle-blower's Act of 1991;
- Chapter 11A of the Miami-Dade County Code; and
- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof.

This Agreement shall have the effect of releasing all claims which were, or could have been, asserted in the lawsuit styled *Edgar Leonel Tercero and all others similarly situated under 29 U.S.C. 216(B) v. Southern Landworx, Inc., and Frank J. Gonzalez*, Case No.: 15-22883-CIV-UU pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

   **2.      Settlement Amount and Attorney's Fees**.  In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, shall pay, or cause to be paid, the total sum of Thirty Thousand Dollars and 00/100 Cents ($30,000.00) (the "Settlement Funds"), which shall be issued in three (3) checks to the J.H. Zidell P.A. Client Trust Account and delivered to J.H. Zidell P.A., 300 71st Street, Unit 605, Miami Beach, FL 33141, no later than fourteen days after Court Approval.

The Settlement Funds shall be paid by Defendants, jointly and severally, in three (3) installments to the Trust Account of J.H. Zidell, P.A., as follows:

   a.  Ten Thousand Dollars and 00/100 cents ($10,000.00) due and payable no later than fourteen (14) days after Court Approval (the "First Installment");

   b.  Ten Thousand Dollars and 00/100 cents ($10,000.00) due and payable no later than thirty (30) days after the First Installment (the "Second Installment");

   c.  Ten Thousand Dollars and 00/100 cents ($10,000.00) due and payable no later than thirty (30) days after the Second Installment (the "Third Installment").

The Second and Third Installment Check shall be provided by Defendants, jointly and severally, by post-dated check to Plaintiff's Counsel along with the First Installment Check no later than fourteen (14) days after Court Approval.

The Settlement Funds shall be paid by Defendants, jointly and severally, and shall be disbursed by Plaintiff's Counsel, J. H. Zidell, P.A., and allocated as follows:

_____ Edgar Leonel Tercero

2 of 7

Southern Landworx, Inc.
Frank J. Gonzalez

i. Plaintiff shall receive the total sum of Seventeen Thousand Seventy-Five Dollars and 00/100 Cents ($17,075.00) representing alleged wages and alleged liquidated damages as follows:

- Plaintiff shall receive Five Thousand Seventy-Five Dollars and 00/100 Cents ($5,075.00) from the First Installment;

- Plaintiff shall receive Six Thousand Dollars and 00/100 Cents ($6,000.00) from the Second Installment;

- Plaintiff shall receive Six Thousand Dollars and 00/100 Cents ($6,000.00) from the Third Installment.

ii. Plaintiff's counsel shall receive the total sum of Twelve Thousand Nine Hundred Twenty-Five Dollars and 00/100 Cents ($12,925.00) payable to Plaintiff's counsel, of which Twelve Thousand Dollars and 00/100 Cents ($12,000.00) represents attorneys' fees and Nine Hundred Twenty-Five Dollars and 00/100 Cents ($925.00) represents costs in this litigation, as follows:

- Plaintiff's Counsel shall receive Four Thousand Nine Hundred Twenty-Five Dollars and 00/100 Cents ($4,925.00) from the First Installment for fees and costs ($925.00);

- Plaintiff's Counsel shall receive Four Thousand Dollars and 00/100 Cents ($4,000.00) from the Second Installment;

- Plaintiff's Counsel shall receive Four Thousand Dollars and 00/100 Cents ($4,000.00) from the Third Installment.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties shall file a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice no later than December 14, 2015.

The Settlement Funds shall be held in Trust and not disbursed until the Court approves the Settlement and dismissed the case with prejudice.

Defendants, jointly and severally, shall pay the mediation costs in full for the mediation that occurred on December 1, 2015, except Plaintiff shall pay the first hour of said mediation.

**3.** **Payment Default**.   Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should the check be returned for insufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to defense Counsel, Jenny Torres, Esq., at jenny.torres@akerman.com.In the event that Defendants, jointly and severally, cure said breach within five (5) business days of receiving written notifications, Defendants, jointly and severally, shall pay an additional Two Thousand Dollars and 00/100 Cents ($2,000.00) to the cured amount. In the event that Defendants, jointly and

___ Edgar Leonel Tercero

3 of 7

Southern Landworx, Inc.
Frank J. Gonzalez

severally, fail to cure said breach within five (5) business days of receiving the written notification, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount of Thirty-Five Thousand Dollars and 00/100 Cents ($35,000.00), less any payments made. In the event of a breach of this Section 3, Plaintiff shall be entitled to any fees and costs incurred for reasonable attorneys' fees and costs for collection.

4.     **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions.  Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, Plaintiff, the IRS, or any other person.

5.     **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this Agreement does not claim to be an expert in tax matters. Each Party states that he/she/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

6.     **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability.

7.     **Mutual Non Disparaging Remarks**. The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

8.     **No Re-Hire/No Reinstatement**. Plaintiff agrees to never apply for employment and/or seek independent contractor work with Defendants.   Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory.  In consideration for the payments made by Defendants under this Agreement, and in light of the irreconcilable differences between the Parties, Plaintiff acknowledges and agrees that he is not entitled to, and will not accept, reemployment or reinstatement of employment with Defendants.

9.     **Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the Parties agree that Defendants shall only provide dates of employment and/or positions held.

10.    **Confidentiality.** By receipt of the Settlement Amount set forth above, the Parties expressly agree that the terms of this settlement (including, but not limited to, the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past,

Edgar Leonel Percero                              4 of 7                              Southern Landworx, Inc.
                                                                                      Frank J. Gonzalez

present or future employees of Defendants or any other persons, with the exception of: (1) this Agreement may be used as evidence in any action relating to a breach of this Agreement; (2) for enforcement of this Agreement; (3) the Parties respective counsel; (4) the Parties' respective accountants; (5) for reporting to taxing authorities; (6) the Parties lawful spouses; (7) or when otherwise required by law.

The Parties further agree that this confidentiality provision is a material inducement for the execution of this Agreement, is of paramount importance to Defendants and future compliance with its exact terms is critical to Defendants. Accordingly, Plaintiff agrees that any proven breach of this paragraph10 by himself would be a material breach and that any such breach will result in irreparable and continuing damage to Defendants. Therefore, in the event of a judicially determined breach of paragraph 10 of this Agreement by Plaintiff, Defendants shall immediately be entitled to: (a) a temporary, preliminary, and permanent injunction against any further breach (and it is agreed that neither a bond nor security deposit by Defendants will be required); and (b) any damages and/or other relief that may be available from the Court.

Notwithstanding the above provision, this Agreement shall be attached as an Exhibit to the Motion for Approval of the Parties' Agreement and Dismissal with Prejudice and shall be filed with the Court for approval in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).

**11.    Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

**12.    Dismissal of Lawsuit.** No later than December 14, 2015, the Parties shall file with the Court in a Motion for Approval of the Parties' Agreement and Dismissal With Prejudice pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this Agreement, along with a proposed Order.

**13.    Agreement Not to Be Used as Evidence.** Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement, may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**14.    Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and

_____
Edgar Leonel Tercero

5 of 7

Southern Landworx, Inc.
Frank J. Gonzalez

provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

15.     **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

16.     **Enforcement.** In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

17.     **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

18.     **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

19.     **Construction.** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

20.     **Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this Agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

**EDGAR LEONEL TERCERO**

By: _____
**EDGAR LEONEL TERCERO**

Date: _____
   12|11|15

_____
Edgar Leonel Tercero

**FRANK J. GONZALEZ**

By: _____
**FRANK J. GONZALEZ**

Date: _____  DEC 15

**SOUTHERN LANDWORX, INC.**

_____ Southern Landworx, Inc.
_____ Frank J. Gonzalez

6 of 7

_____
Edgar Leonel Tercero

_____
Southern Landworx, Inc.
Frank J. Gonzalez

7 of 7

By: _____
Name: Frank Gonzalez
Title: Owner
Date: 1 Dec 15